51 F.3d 268
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David BAKER, Defendant-Appellant.
 No. 93-5621.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 3, 1995.
Decided: March 29, 1995.
 
 ARGUED: Donald E. Jeffrey, III, Hill & Rainey, Petersburg, VA, for Appellant. David T. Maguire, Assistant United States Attorney, Richmond, VA, for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney, Richmond, VA, for Appellee.
 Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David Baker appeals the denial of his motion to withdraw his plea of guilty to conspiracy to distribute cocaine and marijuana. He asserts that the district court created a coercive environment which prevented him from entering a knowing, voluntary, and intelligent plea. He also contends that fair and just reasons supported his motion and that the trial court abused its discretion in denying the motion to withdraw the guilty plea. In addition, Baker argues that the court did not have jurisdiction because he was expelled from Panama rather than extradited. He seeks reversal of his conviction. Finding no reversible error, we affirm.
 
 
 2
 * Baker, his son, his brother, and five others were the subject of investigations concerning drug smuggling from Panama. A federal grand jury subpoenaed Baker to testify about packages of cocaine that had been intercepted. After invoking his Fifth Amendment rights and providing assurances that he would remain in the United States, he returned to Panama where he was a resident.
 
 
 3
 Baker was indicted along with seven others for importing and distributing drugs. Five of these individuals pled guilty and provided information to the government inculpating Baker. Panama subsequently revoked Baker's permission to remain in Panama and delivered him into the custody of the United States Marshal.
 
 
 4
 After a week of negotiation, Baker signed a plea agreement in which he pled guilty to conspiring to distribute cocaine and marijuana. At the plea hearing, however, Baker announced that he did not wish to go forward with the guilty plea. The judge scheduled the case for trial, stating:
 
 
 5
 He will be tried on Thursday. And then the sentence that he ultimately gets, he will be vulnerable certainly to a great deal more than what he was pleading to, because as I understand it the Government was prepared to file a [downward departure motion for substantial assistance] in his behalf if he cooperated.
 
 
 6
 Two days before trial, Baker's fingerprints were found inside a package of cocaine mailed from Panama. Handwriting analysis also linked Baker to this package. The prosecution immediately informed defense counsel of these developments. The defense moved to suppress the evidence.
 
 
 7
 On the day of trial, Baker told the prosecution that he wanted to plead guilty under the original plea agreement. When the case was called, the judge was informed of the plea agreement. At this point, the judge stated:
 
 
 8
 Well, just as a matter of form, I have gone over all of the motions that were filed, and I was prepared to rule on them this morning, and I was going to deny all of your motions. So now that you have had the benefit of that, it seems to me that you might have more enthusiasm for advising your client that a plea would be in his best interest.
 
 
 9
 The defense explained that the new evidence had motivated Baker's decision to plead guilty. The court conducted a Rule 11 colloquy and found Baker guilty.
 
 
 10
 Two months later, at the sentencing hearing Baker moved to withdraw his plea. The judge denied the motion, observing that Baker had previously changed his mind twice about pleading.
 
 II
 
 11
 A guilty plea must be both knowing and voluntary. The standard for judging the validity of a plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). The remarks made by the judge when Baker pled guilty occurred after Baker had decided to plead and after the judge was made aware of the plea agreement. Accordingly, these statements could not have induced the guilty plea. The comments made at the initial plea hearing were too insubstantial to vitiate the plea and the defense counsel stated that the new evidence had precipitated the guilty plea. The court's observation about the lack of merit in the motion to suppress did not coerce the plea. The court held a hearing pursuant to Fed.R.Crim.P. 11 and accepted Baker's plea after determining that it was knowing and voluntary, that there was a factual basis for the plea, and that Baker acknowledged his guilt. We find no error in this proceeding.
 
 III
 
 12
 Under Fed.R.Crim.P. 32(d), a defendant must show to the district court's satisfaction that a "fair and just" reason supports his motion to withdraw his guilty plea. Decision of the motion is at the discretion of the district court. United States v. Moore, 931 F.2d 245, 248 (4th Cir.1991). Moore discusses factors which a court should consider in deciding whether to allow withdrawal of a plea. Moore, 931 F.2d at 248. Baker has not offered credible evidence that his plea was unknowing or involuntary. He has not credibly asserted his innocence and there is no indication that his counsel was incompetent. Baker has shown no justification for being allowed to yet again change his mind about pleading guilty. The court did not abuse its discretion in denying Baker's motion to withdraw his plea. See Moore, 931 F.2d at 248-49.
 
 IV
 
 13
 Finally, Baker argues that the district court did not have jurisdiction because he was expelled, rather than extradited, from Panama. Baker, who is a United States citizen, was delivered to federal authorities after Panama revoked his permission to remain there. His expulsion did not violate the Treaty between the United States and Panama for the Mutual Extradition of Criminals, May 25, 1904, U.S.-Pan., 34 Stat. 2851. Expulsion, therefore, did not deprive the district court of jurisdiction. See United States v. Alvarez-Machain, 112 S.Ct. 2188, 2193 (1992).
 
 
 14
 AFFIRMED.